# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH CAMPBELL and EDGAR HERNANDEZ, | |
| Plaintiffs, | |
| v. | Case No. 5:18-cv-00223-UJH-RDP |
| SYSTEM DYNAMICS INTERNATIONAL, INC., | |
| Defendant. | |

**OPPONENT'S RESPONSIVE SUBMISSION IN RESPONSE TO PLAINTIFFS' AMENDED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF CONDITIONAL CERTIFICATION OF THIS CASE AS A COLLECTIVE ACTION AND PERMITTING SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS**

W. Brad English
David B. Block
Michael W. Rich
**MAYNARD COOPER & GALE, P.C.**
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
dblock@maynardcooper.com
benglish@maynardcooper.com
mrich@maynardcooper.com
*Attorneys for the Defendant*

# TABLE OF CONTENTS

Table of Contents ........................................................................................................................... i

    I.      Introduction ................................................................................................................1

    II.     Factual Background. ..................................................................................................2

    III.    The Proposed Class Is Too Broad. ..............................................................................3

          A.      AVOs Whose Claims Are Time-Barred Should Not Be
                 Members of the Collective Action Class. ...................................................4

          B.      Any Collective Action Class Should Exclude AVOs to
                 Whom SDI Paid Overtime. .........................................................................5

          C.      Undefined Illegal Pay Practices Regarding "Bookend
                 Weeks" Do Not Merit Broad Class Certification. ......................................9

    IV.    The Plaintiffs' Request for Information Is too Broad. ............................................10

    V.     Form of Notice. ........................................................................................................12

    VI.    Conclusion. ..............................................................................................................12

Certificate of Service ................................................................................................................... a

Certification of Counsel ............................................................................................................... a

Defendant System Dynamics International, Inc. ("SDI") makes the following response to the Plaintiffs' Motion[1] (Doc. 21). In short, SDI requests this Honorable Court to deny the Motion in part for the reasons discussed below.

## I.     INTRODUCTION

This case is a proposed collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–21, involving civilian contractor Army Unmanned Aircraft System (i.e. drone) pilots. In military usage, and within SDI, drone pilots are known as "Air Vehicle Operators," or AVOs for short. SDI, under its contracts with other government contractors, supplied AVOs to fly Army drones. For a time, SDI lawfully treated AVOs as exempt from the FLSA's overtime requirements. The Plaintiffs contend this practice violated the FLSA.

Even though SDI disputes the substance of the Plaintiffs' claims, it recognizes that it would be appropriate to certify a conditional class — just not the one the Plaintiffs request.[2] The conditional class requested in the Motion should be modified in these three ways for three straightforward and common sense reasons.

First, the period covered by the Plaintiffs' proposed class is overly broad. The requested class consists of all SDI AVOs from February 8, 2015 to the present. This class is problematic for two reasons. On the front end, the class includes time-barred claims, even when using a

---

[1] Because of the long title of Plaintiffs' submission, this brief will refer to the document filed at ECF No. 21 as the "Motion."

[2] During the preparation of this Response, undersigned counsel received information that, because of a misunderstanding on one of the Plaintiffs' interrogatories, SDI undercounted the number of AVOs it has employed since February 8, 2015. As SDI does not argue whether the Plaintiffs have met any numerosity requirement for conditional certification, and SDI hired each of these uncounted AVOs after January 1, 2017, this does not affect the substance of the parties' briefing. Undersigned counsel has disclosed the error to Plaintiffs' counsel and will serve a supplement to its erroneous response.

three-year statute of limitations. On the back end, the class includes AVOs to whom SDI unquestionably paid overtime, contrary to the Plaintiffs' assertions, and are thus not similarly situated to the Plaintiffs.

Second, the Plaintiffs seek unnecessary and inappropriate information about potential class members (including their social security numbers). In doing so, they request far more information than needed to provide class members accurate and timely notice (i.e. their names and last known addresses.) The Court should not require SDI to disclose its current and former employee's social security numbers, phone numbers, or email addresses.

Third, the form of notice the Plaintiffs request is flawed. The Court should modify it to reflect the changes to the proposed class outlined above and analyzed below.

## II.   FACTUAL BACKGROUND.

SDI is a woman-owned business that competes for contracts awarded by the federal government. (Declaration of Brandi White ¶ 2, attached as Exhibit A.) In addition to direct contracts with the federal government, SDI supports other government contractors as a subcontractor. (*Id.*) SDI had and has such relationships with several prime contractors. (*Id.*)

One area in which SDI provides subcontract support is the provision of AVOs, whose primary function is to operate drones from a ground control station. (Pl.'s Ex. C p.SDI-0182; White Decl. ¶ 3; Declaration of Andy Ward ¶ 2, attached as Exhibit B.)[3] After a short training period of about 14 weeks, SDI sends AVOs overseas to their assigned duty stations. (Compl.

---

[3] Because the Plaintiffs did not file their exhibits as separate documents in the Court's CM/ECF system, SDI will, where available, cite the page number or bates number noted on the exhibit rather than the CM/ECF pagination.

¶¶ 43, 63, Doc. 1; Answer ¶¶ 43, 63, Doc. 9; White Decl. ¶ 4; Ward Decl. ¶ 3) The Plaintiffs appear to concede that any work performed overseas is not subject to the FLSA's overtime requirements.[4]

Until January 2017, SDI classified AVOs as "hourly exempt" employees while working within the United States, meaning that SDI paid AVOs at a "straight time" rate for all hours worked without receiving an overtime premium. (White Decl. ¶ 5; Declaration of Lee-Cassie Walls Decl. ¶¶ 3–4, attached as Exhibit C; Ward Decl. ¶ 4; Pl.'s Ex. G p.SDI-01080; Pl's Ex. H p.SDI-00878; Pl.'s Ex. J p.SDI-01586, SDI-01638; Pl.'s Ex K ¶ 3.)[5] SDI classified AVOs in this way based on a good-faith belief that AVOs qualified for the "highly-compensated employee" exemption of 29 C.F.R. § 541.601. (White Decl. ¶ 5; Walls Decl. ¶ 3; Ward Decl. ¶ 4; Pl.'s Ex. D p.SDI-01811.) In 2016, the Department of Labor Wage and Hour Division was set to modify 29 C.F.R. § 541.601, raising the minimum compensation for a highly-compensated employee. In response, SDI changed its policies on AVO pay, making all AVOs hired after January 1, 2017 ("2017 AVOs"), hourly, non-exempt employees. (White Decl. ¶ 5; Walls Decl. ¶ 4; Ward Decl. ¶ 4; Declaration of Jose Lopez ¶ 3, attached as Exhibit D; Declaration of Dylan Woodcock ¶ 3, attached as Exhibit E; Pl.'s Ex. D p.SDI-01811.)

### III. THE PROPOSED CLASS IS TOO BROAD.

"The key to starting the motors of a collective action is a showing that there is a similarly situated group of employees." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir.

---

[4] The FLSA does not have extraterritorial application. *See* 29 U.S.C. § 213(f); *Lopez v. Pan Am World Servs., Inc.*, 813 F.2d 1118, 1119 (11th Cir. 1987) (noting that the ADEA incorporates the FLSA's extraterritorial exemption).

[5] Although the Plaintiffs assert SDI classified them as "salaried exempt" while in training, other than their own declarations all the evidence they submitted in support of this claim shows SDI classified them as hourly exempt.

2008) (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). This showing must be enough to convince the Court that these employees are broadly subject to the same job duties *and* the same illegal pay practices. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008); *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991). [6]

The Plaintiffs claim that SDI failed to pay the overtime premium required under 29 U.S.C. § 207(a) to any AVO during their training period. (Motion p.10.) They also assert that SDI did not pay AVOs properly for so-called "bookend weeks" in which they transitioned from the United States to overseas duty stations, or from overseas duty stations back to the United States. (*Id.*) The Plaintiffs support these allegations with their sworn declarations and documentary evidence. Their submission, however, does not support the conclusions the Plaintiffs wish the Court to reach.

### A. AVOs Whose Claims Are Time-Barred Should Not Be Members of the Collective Action Class.

As the Court knows, the base statute of limitations for FLSA claims is two years. 29 U.S.C. § 255(a). The Plaintiffs claim that SDI's alleged violations of the FLSA were willful, so the applicable statute of limitations for collective class certification purposes is three years.[7] As this Court has noted, however, the statute does not toll for opt-in plaintiffs until they file their consents to opt-in. *Walker v. Jefferson Cnty. Bd. of Educ.*, No. 2-13-cv-524-RDP, 2016 WL

---

[6] SDI does not concede that all AVOs have similar job duties at this point, but reserves the right to do so in a motion for decertification at a later date.

[7] SDI does not concede either that it violated the FLSA or that any violation of the FLSA was willful. This issue is not appropriate for resolution at this stage. SDI generally preserves its right to argue any issue presented here, and specifically preserves its right to argue the legality and willfulness of its actions at summary judgment or trial.

1117643, at *5 (N.D. Ala. March 22, 2016) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996); 29 U.S.C. § 256).

The essence of the Plaintiffs' Complaint and Motion is that SDI did not pay AVOs an overtime premium for hours worked in the United States before deploying overseas.  (Complaint ¶¶ 22, 28, 43–49, 73–81; Motion pp. 9, 10, 15–20.)  Neither Plaintiff alleges he was entitled to this premium for overtime hours worked overseas, nor would such an allegation make sense given the FLSA's restriction on extraterritoriality.  *See* 29 U.S.C. § 213(f).  So the focus of this suit, and any potential collective action class, should be on those allegedly harmed by SDI's practice of classifying AVOs as hourly exempt employees during their pre-deployment period of employment, and within the relevant statute of limitations.

Such a class would exclude AVOs who deployed at least three years and two weeks before the Court's order on the Motion.[8]  The Plaintiffs' requested class., consisting of any AVO who worked for SDI at all after February 8, 2015, sweeps AVOs whose claims have expired into its ambit.  For example, four former AVOs included in the Plaintiffs' proposed class left SDI more than three years and two weeks before the Plaintiffs filed their Motion.  Such former AVOs, whose claims are obviously time-barred, should not be parties.

### B. Any Collective Action Class Should Exclude AVOs to Whom SDI Paid Overtime.

The Plaintiffs recognize in their Motion that, when determining conditional certification, it is important to show that *all* potential plaintiffs suffered from the same alleged *illegal* policy or

---

[8] During class-based discovery, the parties entered into a two-week tolling agreement for AVOs who had not already filed an opt-in notice.

practice. (Motion p.16 (citing *Hutton v. Bank of Am.*, No. CV 03-2262-PXZ-ROS, 2007 WL 5307976 (D. Ariz. Mar. 31, 2007); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504 (M.D. La. 2005))). "The burden is on the plaintiffs to make an evidentiary showing that they and the proposed class are similarly situated, not on the defendants to disprove such similarity." *Saxton v. Title Max of Ala., Inc.*, 431 F. Supp. 2d 1185, 1188 (N.D. Ala. 2006) (citing *Reed v. Mobile Cnty. Sch. Sys.*, 246 F. Supp. 2d 1227, 1232 (S.D. Ala. 2003)). The alleged illegal pay practice here is that SDI did not pay some AVOs time and a half for working more than 40 hours in a workweek. The Plaintiffs seek conditional certification of a class covering all AVOs SDI employed from February 8, 2015 to the present. But that class should not include any AVO hired after December 31, 2016, because in January 2017, SDI began paying newly-hired AVOs time and half for any hours more than 40 worked in a workweek. (White Decl. ¶ 5; Walls Decl. ¶¶ 4–5; Ward Decl ¶ 4; Lopez Decl. ¶¶ 3–4; Woodcock Decl. ¶¶ 3–4; Pl.'s Ex. D p.SDI-01811–13; Pl.'s Ex. K ¶ 5.)[9]

The Plaintiffs have presented no credible evidence to the contrary. Rather, the Plaintiffs, neither of whom was hired after January 1, 2017, submit their own conclusory declarations (and cite the conclusory allegations of the Complaint), in which they say that SDI paid *no* AVOs properly. But, as the Court knows, to be admissible, a declaration must be based on the witness' personal knowledge. Fed. R. Evid. 602 ("[a] witness may testify to a matter only if evidence is introduced to support a finding that the witness has personal knowledge of the matter"); *Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Commty. Housing, LLC*, 713 F. App'x 821, 825 (11th Cir. 2017). An affidavit or declaration must also set forth the basis for the witnesses' personal

---

[9] It did so not because its prior practice was illegal, but because of well-publicized changes to the FLSA's white collar exemptions. (White Decl. ¶ 5; Walls Decl. ¶¶ 3–4.)

knowledge. *Duke v. Nationstar Mortg., L.L.C.*, 893 F. Supp. 2d 1238, 1244 (N.D. Ala. 2012). In their declarations, the Plaintiffs incant identical, conclusory formulae in an attempt to lump all AVOs together, despite SDI's crucial change in pay practices:

> Through working with other AVOs and speaking with other AVOs stateside and OCONUS, I have personal knowledge that SDI applies each of the pay practices to all of the AVOs in the same manner company-wide.  These pay practices of SDI have been routine and automatic, and are not isolated.  SDI has knowingly and intentionally applied these pay practices to all AVOs and, therefore, has damaged all AVOs in similar fashion.

(Pl.'s Ex. A ¶ 31; Pl.'s Ex. B ¶ 28.)  So they purport to testify about pay practices that applied to other people — and in Hernandez' case, practices obtaining months after his employment ended. These statements are unsupported hearsay, and are not reliable enough for the Court to consider.

Courts in the Eleventh Circuit split on whether courts can consider hearsay is admissible in support of conditional certification. *See Greene v. Massey Servs., Inc.*, No. 4:09-cv-203-HLM-WEJ, 2010 WL 11601721, at *3 n.6 (N.D. Ga. Apr. 20, 2010) (holding hearsay inadmissible at conditional certification); *Prince v. Cato Corp.*, No. 1:14-cv-1708-VEH, 2016 WL 2997217, at *5 (N.D. Ala. May 25, 2017) (refusing to consider hearsay portion of declarations at conditional certification stage as unreliable); *cf. Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, n. 8 (S.D. Ala. 2008) (holding hearsay admissible at conditional certification). It is true that evidentiary standards for conditional certification motions are "fairly lenient." *See Hipp* 252 F.3d at 1218.  This standard applies because, at the conditional certification stage, the parties have typically engaged in little to no discovery. *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007).  But that is not the case here, and the circumstances justify a stricter standard.

Here, the Plaintiffs have served, and SDI has responded to, two requests for admission, eight interrogatories, and ten requests for production. (*See* SDI's Response to Plaintiff's First Requests for Admission, attached as <u>Exhibit F</u>; SDI's Answers to Plaintiffs' First Interrogatories, Pl's Ex. F; and SDI's Answers to Plaintiffs' First Requests for Production, attached as <u>Exhibit G</u>.) These requests, by the parties' agreement, dealt solely with certification issues. (Doc. 15 ¶ 4). SDI's responses included the production of more than 1,800 pages of documents. (*See* White Decl. ¶ 6.) This, then, was not the nominal discovery envisioned in *Hipp* or *Anderson*. Thus, a more stringent standard should apply. *See Walker v. Jefferson Cnty. Bd. Of Educ.*, No. 2-13-cv-524-RDP, 2016 WL 1117643, at *4 (N.D. Ala. March 22, 2016). At a minimum, after an opportunity for discovery and where an overwhelming amount of evidence contradicts the rank hearsay in the Plaintiffs' declarations, the Court should consider all the evidence in considering the breadth of a proposed class. *Id.* SDI has shown the Court such overwhelming evidence in the form of:

1. declarations from two AVOs, attesting that SDI paid them time-and-a-half for overtime, with supporting paystubs (Lopez Decl. ¶¶ 3–4; Woodcock Decl. ¶¶ 3–4);

2. SDI's sworn responses to interrogatories (Pl.'s Ex. K ¶ 5);

3. contemporaneous emails from SDI human resources (Pl.'s Ex. D p.SDI-01811–13); and

4. declarations from SDI management with direct knowledge of the change in SDI's pay practices. (White Decl. ¶ 5; Ward Decl. ¶¶ 2, 4; Walls Decl. ¶¶ 2–5.) The Court, therefore, should not give the Plaintiffs' hearsay testimony credence.

There is significant record evidence, including information submitted by both parties, showing that SDI treated AVOs hired before January 1, 2017 differently than those hired after that date. The Plaintiffs argue that this evidence of dissimilar treatment for the 2017 AVOs cuts in favor of finding similar situation for all AVOs, because it shows that SDI treated AVOs as a group. (Motion at 6 n.4.) This argument is incorrect. First, SDI treated AVOs differently based on their date of hire. Second, one group of AVOs received the overtime pay to which the Plaintiffs claim entitlement. Although SDI concedes that AVOs hired before 2017 are proper members of a conditional class, that class should not include the 2017 AVOs.

### C. Undefined Illegal Pay Practices Regarding "Bookend Weeks" Do Not Merit Broad Class Certification.

The Plaintiffs make passing reference to so-called "bookend weeks." These are weeks in which AVOs either deployed to their overseas duty stations or returned to the United States, claiming that SDI did not pay them, and other AVOs, properly for such weeks. (Motion p. 9.) Other than this bare assertion, the Motion contains no reference to what, if anything, about SDI's pay practices for bookend weeks violated the FLSA. Such cursory briefing does not meet the notice pleading standard of Federal Rule of Civil Procedure 8(a), much less the standard for conditional certification. Meanwhile, the only evidence supporting this undefined claim is identical, and conclusory, statements in the Plaintiffs' Declarations. The Plaintiffs intone that "SDI failed to pay the AVOs properly for the week when they deployed and the week when they returned stateside from deployments." (Pl.'s Ex. A ¶ 30; Pl.'s Ex B ¶ 27.) These statements give no hint about what, if anything, was illegal — just their tepid assurance something was wrong.[10]

---

[10] While the Plaintiffs provide an email chain between Matthew Ashby and Earl Armstrong discussing SDI's inability to change his exempt status in the middle of pay periods, these emails make plain that Ashby's concern was that he was not being paid for time he did not work. (Pl.'s Ex. L p.SDI-00118–00119.) The FLSA does not require

9

As a result, nothing about the Plaintiffs' allegations about "bookend weeks" supports the broad class they seek.

### IV.     THE PLAINTIFFS' REQUEST FOR INFORMATION IS TOO BROAD.

The purpose of court-supervised notice is to ensure that potential class members have "timely, accurate, and informative," notice of the proceedings. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 166 (1989).  A court must balance the need to notify potential plaintiffs with the duty to avoid stirring up litigation through unwanted and unwarranted solicitation. *Palmer v. Convergys Corp.*, No. 7:10-cv-145 (HL), 2011 WL 1326183, at *2 (M.D. Ga. Aug 6, 2011) (citing *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 899, 894 (D. Md. 1995); *Horne v. United Services Auto. Ass'n*, 279 F. Supp. 2d 1231, 1239 (M.D. Ala. 2003)).

Here, the Plaintiffs ask the Court to require SDI to provide a "computer-readable, searchable, and sortable data file . . . containing the names, mailing addresses, employment information, work location(s), whether they are current or former employees, and if former, when they ceased employment with [SDI], electronic mail addresses, Social Security Number[,] and telephone numbers of such potential opt-ins[.]"  (Motion p.26.)  As with their proposed class, this information request, although reasonable in some respects, is improperly overbroad in others.  For example, SDI takes no issue with providing the Plaintiffs with the names and last-known addresses of any potential member of whatever conditional class the Court certifies.  Nor does SDI object to providing the Plaintiffs with such potential members' employment dates and status.  This information, SDI agrees, will facilitate timely notice to potential class members

---

an employer to pay an employee for days he spends in his own pursuits. *See Atlanta Prof. Firefighters Union, Local 134 v. City of Atlanta*, 920 F.2d 800, 806 (11th Cir. 1991).

without unwanted and unwarranted solicitation. SDI objects, however, to the Plaintiffs' request for email addresses, social security numbers, and telephone numbers for potential class members.

First, SDI sees no legitimate reason the Plaintiffs should be privy to such personal and sensitive information as a social security number. *See Glass v. City of Atlanta, Ga.*, No. 2014 WL 9954054, at *5 (N.D. Ga. May 6, 2014) ("full social security numbers for putative class members are not warranted"); *Pittman v. Comfort Sys. USA (Se.), Inc.*, No. 8:12-cv-2142-T-30TGW, 2013 WL 525006, at *2 (M.D. Fla. Feb. 13, 2013) ("disclosure of social security numbers . . . is unnecessary and impacts the putative class members' privacy"); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) (holding that, absent showing of need, disclosure of social security numbers is inappropriate). The Plaintiffs have not shown why they need this information in the Motion.

Second, although access to telephone numbers and email addresses might expedite notice, that access would subject potential class members to repeated and unwanted communications. The Plaintiffs have not given the Court any reason to believe that notification through the United States Postal Service would not suffice to give potential class members timely and accurate notice of this suit. *See Miller v. JAH, LLC*, No. 5:16-cv-01543-AKK, 2018 WL 305819, at *3 (N.D. Ala. Jan. 5, 2018). Instead, the Plaintiffs' purpose here seems not to be so much *timely* as it is *persistent* notification of class members through several forms of media. With access to telephone numbers and email, the Plaintiffs will be able to bombard potential class members with high-pressure tactics to join, stirring up litigation in the manner disapproved by the *Hoffman-La Roche* Court. Without some sort of showing that notice through regular mail will not suffice, the Court should not allow contact by methods so prone to abuse.

Third, communication through telephone calls, text messages, and emails runs a significant risk of accidental violation of federal law.  In particular, both the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the CAN-SPAM Act, 15 U.S.C. §§ 7701–7713 regulate unsolicited communications using these media.  If the Court requires SDI to provide the Plaintiffs the means to contact potential opt-in plaintiffs using these methods, it should ensure that the Plaintiffs remain in compliance with federal law.  Moreover, the Court should apply the same standards to these communications that it does the notice sent by U.S. Mail.

**V.      FORM OF NOTICE.**

As a general matter, SDI does not object to the form of the Plaintiffs' proposed notice. SDI suggests some minor changes to wording, a more restrictive description of the proposed class, the inclusion of language telling class members that they may seek their own representation, and language more accurately describing the action and SDI's defenses. SDI has attached its own proposed notice reflecting these suggestions as Exhibit H.

**VI.     CONCLUSION.**

The Plaintiffs spend a great deal of time in their Motion trying to counter arguments SDI had no intention of making at this stage.  The issues presented are just not as complex as the Plaintiffs would have the Court believe.  In fact, SDI agrees that conditional class certification is warranted.  Even so, (1) the class sought is overly broad; (2) the information request includes unnecessary, personal data; and (3) the form of the notice Plaintiffs request should be tailored to the proper scope of the class. For these reasons, and as more fully set out above, SDI requests the Court partially deny the Motion and use the modified notice attached.

Respectfully submitted this 16th day of July 2018.

/s/ Michael W. Rich
David B. Block
W. Brad English
Michael W. Rich
*Attorneys for System Dynamics International, Inc.*

**OF COUNSEL:**

**MAYNARD COOPER & GALE, P.C.**
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
dblock@maynardcooper.com
benglish@maynardcooper.com
mrich@maynardcooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 16th day of July 2018, I caused the foregoing document to be filed with the Court's CM/ECF system, which will give notification of this filing to all counsel of record.

/s/ Michael W. Rich
Of Counsel

**CERTIFICATION OF COUNSEL**

I hereby certify by my personal signature and as an officer of the Court that I have affirmatively and diligently sought to submit to the Court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of all submissions to ensure that the submissions do not include vague language or an overly-broad citation of evidence or misstatements of the law, and that all submissions are non-frivolous in nature.

/s/ Michael W. Rich
Of Counsel