IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **Jonathan Campbell; Edgar Hernandez, et. al.,** | ) ) ) | |
| Plaintiffs, | ) ) | CV NO.: 5:18-cv-00223 UJH-RDP |
| v. | ) ) | |
| **System Dynamics International, Inc., d/b/a SDI,** | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' REPLY TO OPPONENT'S RESPONSIVE SUBMISSION IN RESPONSE TO PLAINTIFFS' AMENDED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF CONDITIONAL CERTIFICATION OF THIS CASE AS A COLLECTIVE ACTION AND PERMITTING SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS**

D.G. Pantazis, Jr.
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 314-0733
dgpjr@wigginschilds.com
*Attorneys for Plaintiffs*

Plaintiffs Jonathan Campbell and Edgar Hernandez, by and through their undersigned counsel, hereby file this Reply in Support of their Amended Motion and Memorandum in Support of Conditional Certification of this Case as a Collective Action and Permitting Supervised Notice to Potential Opt-In Plaintiffs.

## I. **INTRODUCTION**

The standard for conditional certification of a collective action under the FLSA is lenient. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1214 (11th Cir. 2001).  Defendant's Response offers nothing to the central question to be decided at this stage—specifically, whether or not the proposed collective is similarly situated.  *See Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1566 (11th Cir. 1991); *see also Vaccaro v. Candidates on Demand*, 2008 WL 1711536 (S.D. Fla. 2008) (granting motion to authorize notice to potential class members where there was evidence that putative plaintiffs were similarly situated and others desired to join).  There are three reasons why Defendant's Response fails to address and show how the collective is not similarly-situated.

First, Defendant incorrectly argues that the collective should not include Air Vehicle Operators ("AVOs") who were hired after January 1, 2017.  (Doc. 23, p. 2).  The only support for this argument are self-serving statements from the Defendant and two current employees purportedly reflecting that overtime wages were paid at the proper rate of "time and a half" after January 1, 2017.  (Doc. 23, p. 6).  The veracity of this position is untested, as discovery on damages

2

for the collective has not been performed at this stage of the case.[1]  For instance, Defendant has not produced the timesheets and pay records for all AVOs during this time period leaving Plaintiffs with no way to investigate whether AVOs hired after January 1, 2017 were paid at time and a half whereas the AVOs prior to that date were not.  Because the issue of whether or not AVOs were properly paid overtime is a pure merits issue, it is not a proper basis on which conditional certification should be denied at this preliminary phase.  If anything, it is an issue to be raised later at the decertification stage after full merits discovery has been completed.

Second, Defendant pays little attention to Plaintiffs' claims for unpaid overtime wages during the "bookend" weeks.  (Doc. 1, ¶ 28(d); Doc. 21, p. 1).  This is significant because the claim for unpaid overtime wages during the "bookend" weeks applies universally and undisputedly to all AVOs who have worked during the lookback period including the years of 2015, 2016, 2017 and 2018.  As Defendant has already admitted that AVOs are similarly-situated (Doc. 21, p.1), and merely disputes the back pay damages available to certain members of the collective (*Id.*), the "bookend" weeks claim cannot be sidestepped as it serves as an additional basis in support of conditional certification of a collective of AVOs that includes the entirety of the lookback period.  Defendant's failure to pay proper overtime wages during the "bookend" weeks has been a common pay practice that applies to all AVOs irrespective of the years employed by Defendant during the lookback period.

---

[1]  Defendant's trustworthiness on this issue, with just minimal pre-merits/damages discovery, should be questioned particularly in light of the fact that it has been surprisingly unable to provide an accurate number of total AVOs employed during the lookback period.  (Doc. 23, FN2).  Defendant's timekeeping records and data retention do not have a strong track record thus far.  Neither the Plaintiffs nor the Court need accept Defendant's unquestioned and self-serving assertion as true much less agree that it is a sound basis on which to deny conditional certification.

Third, Defendant completely ignores Plaintiffs' claim related to Defendant's provision of "comp time" in lieu of overtime pay. (Doc. 21, p. 1, 9). Again, as Defendant has already admitted that a collective of AVOs would be similarly-situated, and merely disputes the time period of employees to include in the collective, it cannot simultaneously ignore the inclusion of the "comp time" claim, which applies universally to all AVOs who worked within the lookback period. The failure to acknowledge this claim is reason alone to conditionally certify a collective of AVOs who worked within the entirety of the lookback period. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (failure to address issue in opposition deemed waiver).

Defendant takes additional issue with the beginning of the lookback period and the information it should be required to provide to Plaintiffs in order to effectuate notice. (Doc. 23, p. 1-2). Plaintiffs agree that the beginning of the lookback period is as Defendant states and concede that phone numbers and social security numbers are unnecessary at this time. However, the inclusion of email addresses is a necessity in the modern era particularly when members of the collective are likely to be mobile and stationed away from their physical mailing address, and possibly overseas on deployments[2]. Defendant should provide electronic mailing addresses to Plaintiffs so that notice can be distributed electronically as well as in hard copy.

Because Plaintiffs have met their lenient burden at this stage, a collective of all individuals who currently hold or previously held the position of Air Vehicle Operator ("AVO") with Defendant at any point within the three-year period immediately preceding their submission of the

---

[2] *Kiley v. MedFirst Consulting Healthcare Staffing*, LLC, 297 F. Supp. 3d 1260, 1267 (N.D. Ala. 2018) ("[g]iven Plaintiffs' evidence of transiency, and given that persons employed in such positions are more inclined to receive written communications via electronic (as opposed to U.S.) mail, notice by email and direct mail is warranted here to protect judicial economy and avoid the added step of resending notices").

form consenting to be included in this case, should be certified, and notice should be administered via electronic and U.S. mail.

## II. ARGUMENT

### A. The AVOs as a Whole are No Less Similarly-Situated Merely Because Some of Them May (or May Not) be Entitled to More Back Pay Than Others

The crux of Defendant's opposition to conditional certification is based on its contention that pre-January 1, 2017 AVOs are different than post-January 1, 2017 AVOs because the post-January 1, 2017 AVOs were paid at the proper overtime rate of time and a half whereas the pre-January 1, 2017 AVOs were denied the half time. Essentially, Defendant is using its own violation of the FLSA as a basis for its argument that conditional certification is unwarranted here.

To support its' argument, Defendant relies on the Affidavit of Dylan M. Woodcock and just one of his paystubs. Mr. Woodcock was hired after January 1, 2017 and, as posited by Defendant, falls within the period that Defendant was allegedly compliant with the FLSA. Though the Affidavit and sole paystub appear to show that Mr. Woodcock was paid at time and a half in March 2017, these documents may do more harm to Defendant than good as they reflect possible additional overtime violations. The documents indicate that overtime pay was not calculated until after Mr. Woodcock worked over 100 regular hours in a two-week period, seemingly violating the FLSA. Regardless, the lack of clarity in these documents leads to more questions concerning the veracity of Defendant's position. Defendant cannot argue that conditional certification should be denied because it began to pay half time to AVOs hired after January 1, 2017 when its' own documents indicate that it did not properly pay half time after January 1, 2017.

What Defendant argues is inconsistent with what its' documents show. Plaintiffs neither accept nor agree with Defendant's contention that all AVOs were appropriately paid time and a half after January 1, 2017. That alone makes the fact disputed and not subject to analysis at the conditional certification stage. The Defendant in *Hazel v. Alimentation Couche-Tard*, No. 2:16-CV-00957-KOB, 2017 U.S. Dist. LEXIS 136744, at *12 (N.D. Ala. Aug. 25, 2017) made a similar argument, and the Court addressed the issue thusly:

> Circle K argues that "the very nature of Plaintiff's claims are not compatible with collective actions" because "an individual assessment would gut any benefit associated with allowing this action to proceed on a collective basis." (Doc. 30 at 24, 27). However, "[j]ust because the inquiry is fact-intensive does not preclude a collective action where plaintiffs share common job traits." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1263 (11th Cir. 2008). The court is not persuaded that the claims asserted in this action are *inherently* incompatible with a collective action. Like the *Family Dollar* case, Circle K Store Managers appear to share "factual details with respect to their job duties and day-to-day work." *Id.*
>
> The court also believes that the need for individualized inquiries should be addressed at step two of the certification process, not step one. *See Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1238 (S.D. Ala. 2008) ("Those factual disputes may properly be addressed after discovery at the second stage . . . but they do not constitute a valid basis for denying conditional class certification today."). The court has applied this principle to past cases, and sees no reason to depart from doing so here. *See Briggins*, No. CV-08-BE-1861-E, 2009 U.S. Dist. LEXIS 133905, 2009 WL 10635663, at *5 n.5 (noting that the defendant's "arguments raise factual matters not appropriate for consideration at this notice stage of the litigation.").
>
> Whether Store Managers are similarly situated enough to warrant a collective action is best decided when discovery has been conducted on that issue. If discovery reveals, as in the *Family Dollar* case, that the class members share common job traits, then the class may proceed to trial. If discovery uncovers the opposite, the court has no doubt that Circle K will move to decertify the class. The Eleventh Circuit endorsed this process in *Hipp*, and the court finds that procedure is the best way to move forward with this case.

*Hazel v. Alimentation Couche-Tard*, No. 2:16-CV-00957-KOB, 2017 U.S. Dist. LEXIS 136744, at *12-13 (N.D. Ala. Aug. 25, 2017).

Indeed, Defendant's argument that the collective as proposed cannot be conditionally certified is purely a merits based, factual dispute. Whether or not all AVOs were paid time and a half will be determined in the second phase once the pertinent discovery is conducted. However, at this stage, Plaintiffs "need only show that their positions are similar, not identical, to the positions held by the putative class members...a unified policy, plan, or scheme . . . may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)." *Hazel v. Alimentation Couche-Tard*, No. 2:16-CV-00957-KOB, 2017 U.S. Dist. LEXIS 136744, at *8 (N.D. Ala. Aug. 25, 2017) (internal citations omitted).[3]

Because Defendant has conceded that AVOs are similarly-situated based on their title, job, duties, responsibilities, work schedule and work sites, and only raises a factual dispute more properly addressed after the conditional certification stage, the collective should be conditionally certified as proposed by Plaintiffs.

**B. Defendant Does Not Adequately Address Plaintiffs' Claims Related to "Bookend" Weeks and "Comp Time" – Both of Which Further Justify Conditional Certification**

Defendant's failure to account for Plaintiffs' claims regarding illegal pay practices during "bookend" weeks and for "comp time" violations[4] further serves as evidence that the collective

---

[3] Defendant also attacks the credibility and admissibility of certain statements included in Plaintiffs' Declarations. (Doc. 23, p. 8-9). While a limited number of statements in Plaintiffs' Declarations may be deemed hearsay ("speaking with other AVOs"), Defendant wholly ignores the other portion of the quoted paragraph wherein Plaintiffs make statements purely based on personal knowledge ("Through working with other AVOs", and "I have personal knowledge that SDI applies each of the pay practices to all of the AVOS"). (Doc. 23, p. 9). "Testimony that conveys a witness's personal knowledge about a matter is not hearsay." *Chadwick v. Bank of Am., N.A.*, 616 F. App'x 944, 948 n.2 (11th Cir. 2015 (quoting *United States v. Vosburgh*, 602 F.3d 512, 539 n.27 (3d Cir. 2010)). Because statements made based on personal knowledge are clearly admissible, Defendant's position about the admissibility of certain portions of Plaintiffs' Declarations is without merit.

[4] Plaintiffs also seek (i) compensation for Defendant's substitution of "comp time" for overtime hours worked at the improper rate, and (ii) compensation at the proper rate for their hours worked during "bookend" weeks—*i.e.*, the week when deploying abroad (outside of the continental United States or "OCONUS") and the week returning stateside from the deployed location. (Doc. 21, p. 1). AVOs are given "comp time" at the improper rate. AVOs are not paid properly for "bookend" weeks both before and after deployments. (Doc. 21, p. 9). "SDI failed to pay me properly for

7

should be certified. With regard to the "bookend" weeks, Defendant argues "[t]hese statements give no hint about what, if anything, was illegal" and that "the Motion contains no reference to what, if anything, about SDI's pay practices for bookend weeks violated the FLSA." Defendant, again, seeks to turn a motion for conditional certification into a merits-based factual inquiry, when the only question, at this stage, is whether or not the members of the collective are similarly-situated based upon their jobs and roles at Defendant's company.

Regardless, the "bookend" weeks claim clearly references Defendant's failure "to pay the AVOs wages for all hours worked as well as proper overtime compensation for all hours while traveling to and from deployments overseas, in violation of the FLSA and the regulations promulgated thereunder." (Doc. 1, ¶ 28(d)). This claim applies to all AVOs during the lookback period whether they worked in 2015, 2016, 2017 and/or 2018.

Additionally, Defendant sidesteps and never once addresses Plaintiffs' claim that Defendant improperly substituted "comp time" in lieu of overtime pay. Presumably, Defendant concedes that this claim can proceed as a collective as well. This claim, like the "bookend" weeks claim, applies to all AVOs, no matter if Defendant changed its' overtime rate pay policy after January 1, 2017 or not.

The AVOs in the proposed collective are similarly-situated because they were affected in similar fashion by Defendant's common pay violations related to "comp time" and "bookend" weeks. Defendant's sole argument that back pay entitlements might differ between AVOs simply

---

the week when I deployed and the week when I returned stateside from my deployment." Declaration of Jonathan Campbell, ¶ 30(b) attached as Exhibit A to Doc. 21.

does not support a finding that this overall collective is not similarly-situated and, thus, conditional certification is not appropriate.

### C. Plaintiffs' Request for Email Addresses is Reasonable and Warranted

In an effort to compromise with Defendant, Plaintiffs are willing to relinquish their request for social security numbers and telephone numbers of the putative class members. However, electronic mail addresses, as Defendant admits, will likely expedite notice to the collective. Moreover, the members of the collective are likely dispersed throughout the world and are most likely not near their last registered mailing address due to the nature of the military contracting industry.

Many Courts, including this one, have noted the reality of modern communication necessitating the use of electronic notice, in addition to traditional hard copy notices. *See Kiley v. MedFirst Consulting Healthcare Staffing*, LLC, 297 F. Supp. 3d 1260, 1267 (N.D. Ala. 2018); *see also Landry v. Swire Oilfield Servs., L.L.C*., 252 F. Supp. 3d 1079, 1129 (D.N.M. 2017) (approving class notice by email and text message to putative class of oilfield equipment operators who may be "dispersed to various wellsites around the country and may be away from their homes and addresses of record for weeks or months at a time*").* Accordingly, Defendant should produce electronic mailing addresses to facilitate notice to the collective.

## III. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court grant the Amended Motion and Memorandum in Support of Conditional Certification of this Case as a Collective Action and permit supervised notice to all individuals who currently hold or previously held the position of

Air Vehicle Operator ("AVO") with Defendant at any point within the three-year period immediately preceding their submission of the form consenting to be included in this case.

Respectfully submitted this 23rd day of July, 2018.

/s/ D.G. Pantazis, Jr.<br>
D.G. Pantazis, Jr.<br>
*Attorney for Plaintiffs*

**OF COUNSEL:**

WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 314-0733
dgpjr@wigginschilds.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 23rd day of July, 2018, I caused the foregoing document to be filed with the Court's CM/ECF system, which will give notification of this filing to all counsel of record.

/s/ D.G. Pantazis, Jr.
Of Counsel

## CERTIFICATION OF COUNSEL

I hereby certify by my personal signature and as an officer of the Court that I have affirmatively and diligently sought to submit to the Court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of all submissions to ensure that the submissions do not include vague language or an overly-broad citation of evidence or misstatements of the law, and that all submissions are non-frivolous in nature.

/s/ D.G. Pantazis, Jr.
Of Counsel
